UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHEIKH MOHAMMAD BAGHERI, | Case No. 2:24-cv-11692-LJM-EAS |
| Plaintiff, | |
| v. | Judge Laurie J. Michelson |
| GOOGLE LLC, | Magistrate Judge Elizabeth A. Stafford |
| Defendant. | |

**DEFENDANT'S OPPOSITION TO
MOTION TO RE-OPEN THE CASE**

## **STATEMENT OF THE ISSUES PRESENTED**

I. After stipulating to dismiss his case with prejudice, has Plaintiff satisfied the high bar required to re-open the case under Federal Rule of Civil Procedure 60(b)?

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

## Issue 1

1. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448 (6th Cir. 2008)

2. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465 (6th Cir. 2007)

3. *King v. United States*, No. 24-1900, 2025 WL 1904458 (6th Cir. July 10, 2025)

## **TABLE OF CONTENTS**

                                                                                                         **Page**

INTRODUCTION .................................................................................................1

STATEMENT OF FACTS ..................................................................................2

ARGUMENT .......................................................................................................4

I.      Plaintiff Does Not Satisfy the High Bar for Relief Under Rule 60(b). ............4

          A.     Rule 60(b)(1) Does Not Apply Here. ....................................................5

          B.     Plaintiff Fails to Clear the High Bar Set By Fed. R. Civ. P. 60(b)(2). ...................................................................................................6

          C.     Plaintiff Fails to Establish Extraordinary Circumstances as Required to Satisfy the Catch-all Provision, Rule 60(b)(6). .................8

II.     Plaintiff's Complaint Still Would Fail Under Rule 8 and Rule 12(b)(6). ........9

CONCLUSION ...................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**CASES**

*Ackermann v. United States*,
    340 U.S. 193 (1950) ................................................................................................8

*Ali v. Adamson*,
    No. 1:21-cv-00071,
    2024 WL 3107571 (W.D. Mich. May 31, 2024) ..............................................7

*Allison v. Martin*,
    No. 08-15093-BC,
    2012 WL 222924 (E.D. Mich. Jan. 25, 2012) ..................................................8

*Barkho v. Homecomings Fin., LLC*,
    657 F. Supp. 2d 857 (E.D. Mich. 2009) ..........................................................9

*Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*,
    249 F.3d 519 (6th Cir. 2001) ............................................................................4

*Brown v. Cnty. of Genessee*,
    872 F.2d 169 (6th Cir. 1989) ............................................................................9

*Coddington v. Makel*,
    No. 1:95-cv-00021,
    2018 WL 11241291 (W.D. Mich. May 16, 2018) ..........................................9

*Ford Motor Co. v. Mustangs Unlimited, Inc.*,
    487 F.3d 465 (6th Cir. 2007) ............................................................................4

*Franklin v. Jenkins*,
    839 F.3d 465 (6th Cir. 2016) ............................................................................8

*Good v. Ohio Edison Co.*,
    149 F.3d 413 (6th Cir. 1998) ............................................................................6

*Info-Hold, Inc. v. Sound Merchandising, Inc.*,
    538 F.3d 448 (6th Cir. 2008) ............................................................................5

*Jinks v. AlliedSignal, Inc.*,
 250 F.3d 381 (6th Cir. 2001) ............................................................................6

*Lewis v. Sole Law, PLLC*,
 652 F. Supp. 3d 886 (E.D. Mich. 2023) ...........................................................5

*Lott v. Corizon*,
 No. 1:20-cv-1255,
 2022 WL 18586847 (W.D. Mich. Dec. 29, 2022) ........................................6, 7

*Luna v. Bell*,
 887 F.3d 290 (6th Cir. 2018) ............................................................................6

*Smith v. Burt*,
 No. 1:19-cv-759,
 2020 WL 10759649 (W.D. Mich. Oct. 14, 2020) ............................................6

*United States v. Reyes*,
 307 F.3d 451 (6th Cir. 2002) ............................................................................5

*Yeschick v. Mineta*,
 675 F.3d 622 (6th Cir. 2012) ............................................................................5

## RULES

Fed. R. Civ. P. 41(a)(1)(A)(ii) ................................................................................3

Fed. R. Civ. P. 60(b) ....................................................................................*Passim*

## **INTRODUCTION**

Plaintiff stipulated and agreed to dismiss his case with prejudice on January 10, 2025, and now reaffirms that he did so. ECF No. 27, PageID.90; ECF No. 28, PageID.92 ¶ 1. Yet he seeks to reopen the case for a reason that is entirely unsupported, unrelated to the validity of his agreement to dismiss the case, and unrelated to the (lack of) merit of his claims. Plaintiff now says he experienced unspecified "severe medical complications," which he attributes to Google's supposed bad conduct because unspecified "[m]edical professionals … advised" him so. ECF No. 28, PageID.92 ¶¶ 3, 4.

But none of this is enough to satisfy the requirements of Federal Rule of Civil Procedure 60(b). Plaintiff makes three attempts to satisfy different prongs of the rule, and all of them fail. There is no relevant "excusable neglect" under sub-section 60(b)(1), because the dismissal was not the result of neglect at all—it was effected by Plaintiff's own stipulation—and his hospitalization purportedly happened *after* that dismissal. *See* ECF No. 28, PageID.93 ¶ 6. Plaintiff has not proffered any "newly discovered evidence" under sub-section 60(b)(2), beyond asserting that his recent hospitalization shows "the extent of harm." *Id.* Plaintiff does not claim any new evidence that would cure the defects identified in Google's motion to dismiss. And there is no "other reason that justifies relief" under sub-section 60(b)(6). *Id.* To

1

reopen a dismissed case under Rule 60(b)(6) requires the moving party to clear a high bar, and Plaintiff comes nowhere close.

Plaintiff has done nothing to show extraordinary circumstances, to show that he should be allowed to renege on his agreement to dismiss his claims, or to satisfy any of the prongs of Rule 60(b). Nor can he show that anything has changed that would enable him to cure the defects in his pleadings identified in Google's motion to dismiss. Reopening the case would be unjustified, prejudicial, and futile. Plaintiff's motion should be denied, and the case should remain closed.

## STATEMENT OF FACTS

Plaintiff's Complaint, filed on June 27, 2024, alleged that Plaintiff "utilized Google's AI to seek information regarding health-related questions and other important matters," received "false and misleading health information," which "adversely affected Plaintiff's health and well-being" and also caused "financial losses" and "emotional distress." ECF No. 1, PageID.5. As Google explained in its motion to dismiss, the Complaint does not allege what "AI system" Plaintiff supposedly used, what information he allegedly sought and received, or how he was allegedly harmed by Google. ECF No. 21, PageID.66. Nevertheless, Plaintiff implausibly asserted that his damages are nearly one billion dollars. ECF No. 1, PageID.5. Rather than oppose Google's motion to dismiss, Plaintiff agreed to

voluntarily dismiss his claims with prejudice under F.R.C.P. 41(a)(1)(A)(ii) on January 10, 2025. ECF No. 27, PageID.90.

Plaintiff now moves for relief from this dismissal and to re-open the case, supposedly "due to newly arisen and extraordinary circumstances." ECF No. 28, PageID.92 ¶ 2. Supposedly, Google's unspecified actions, "as alleged in the original complaint," belatedly caused Plaintiff to be "hospitalized . . . in critical condition," bringing him "close to death," and he was told by unidentified "[m]edical professionals" that this was "a result of trauma and harm caused by Defendant." *Id.* ¶¶ 3, 4. None of the gaps in Plaintiff's story are explained in his two-page motion, much less backed by a declaration or medical documentation. It is implausible that Google somehow caused Plaintiff to experience serious health problems prior to filing his Complaint in June 2024, which lapsed and convinced him to agree to dismiss his claims with prejudice by January 2025, but then recurred and brought him "near death" by August 2025. No explanation is given (or plausibly can be given).

But, according to Plaintiff's motion, these vague circumstances justify re-opening the case because of "excusable neglect due to hospitalization" (Fed. R. Civ. P. 60(b)(1)), "newly discovered evidence regarding the extent of harm" (Fed. R. Civ. P. 60(b)(2)), and "for any other reason" including "the extraordinary and life-threatening impact suffered" (Fed. R. Civ. P. 60(b)(6)). ECF No. 28, PageID.93 ¶ 6.

3

Google opposes Plaintiff's motion to reopen the case.

## ARGUMENT

**I.    Plaintiff Does Not Satisfy the High Bar for Relief Under Rule 60(b).**

Plaintiff's motion relies on Rule 60(b), which provides in relevant part that "the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) . . . excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); … or (6) any other reason that justifies relief." F.R.C.P. 60(b). In his effort to revive his claims, Plaintiff invokes all three of these prongs, but fails to satisfy the requirements of any of them.

"Relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)); *Id.* at 470 (reversing grant of Rule 60(b) motion where plaintiff failed to meet burden for relief). This is "especially true in an application of subsection (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Id.* at 468 (citation omitted).

4

For any subsection of F.R.C.P. 60(b), "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Plaintiff has not done so.

A.   Rule 60(b)(1) Does Not Apply Here.

Plaintiff cannot seek relief under Rule 60(b)(1) for "excusable neglect due to hospitalization," because his theory of "excusable neglect" is irrelevant to the operation of the Rule. ECF No. 28, PageID.93 ¶ 6. Subsection 60(b)(1) is "intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lewis v. Sole Law, PLLC*, 652 F. Supp. 3d 886, 890 (E.D. Mich. 2023) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). There is no claim of mistake or neglect by any attorney or judge here; the only supposed mistake or neglect was Plaintiff's "delay in filing" the instant motion to reopen the case, which is irrelevant to whether Plaintiff has shown "excusable neglect." ECF No. 28, PageID.93 ¶ 6.

"Excusable neglect" refers to circumstances in which a party fails to do something, and that neglectful omission results in a dismissal or judgment against them. *See, e.g.*, *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (Plaintiff sought relief for failure to check the docket resulting in dismissal of the case); *Jinks*

5

*v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (Plaintiffs sought relief from an adverse judgment based on failure to submit a witness affidavit during summary judgment briefing). That does not apply here. The only purported neglect here happened *after* dismissal of Plaintiff's case, *i.e.*, Plaintiff's delay in filing the instant motion to reopen the case. But such delay is irrelevant, and even if Plaintiff's delay were entirely excusable, it would do nothing to satisfy Rule 60(b)(1).

      B.      <u>Plaintiff Fails to Clear the High Bar Set By Fed. R. Civ. P. 60(b)(2).</u>

Plaintiff's motion falls short of the high bar required for relief under Rule 60(b)(2), under which the "movant needs to show by ***clear and convincing evidence*** (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Lott v. Corizon*, No. 1:20-cv-1255, 2022 WL 18586847, at *1 (W.D. Mich. Dec. 29, 2022) (emphasis added) (quoting *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018)). The newly discovered evidence must have existed at the time judgment was entered. *Smith v. Burt*, No. 1:19-cv-759, 2020 WL 10759649, at *2 (W.D. Mich. Oct. 14, 2020). And the evidence must be "material and controlling and clearly would have produced a different result if presented before the original judgment." *Id.* (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

Here, Plaintiff offers no new evidence whatsoever. And he certainly does not offer "clear and convincing evidence" that he had previously exercised due diligence

to obtain that evidence, and that the evidence "would have clearly resulted in a different outcome." *Lott*, 2022 WL 18586847, at *1. He asserts in his motion that he "experienced severe medical complications directly attributable to the actions of Defendant Google LLC, as alleged in the original complaint." ECF No. 28, PageID.92 ¶ 3. But this is mere "argument—not evidence." *Ali v. Adamson*, No. 1:21-cv-00071, 2024 WL 3107571, at *3 (W.D. Mich. May 31, 2024) (denying relief to a *pro se* litigant under identical standard to that of F.R.C.P. 60(b)). He also says that "[m]edical professionals have advised that these life-threatening conditions were a result of the trauma and harm caused by Defendant." ECF No. 28, PageID.92 ¶ 4. But Plaintiff did not attach any such relevant documentation to his motion, to allow the Court to assess whether it has any evidentiary value. Vague assertions about hearsay from unidentified third parties does not satisfy Plaintiff's burden.

Even if Plaintiff did have new evidence, it would not make any difference to the outcome. To the extent any evidence exists about a hospitalization in 2025, that would say nothing about Google's conduct or how such conduct allegedly harmed Plaintiff. As Plaintiff acknowledges in his motion, his purported new evidence concerns "the extent of harm" he allegedly suffered. ECF No. 28, PageID.93 ¶ 6. But the insufficiency of Plaintiff's allegations under Rules 8 and 12(b)(6) go far beyond the lack of well-pled allegations about Plaintiff's harm. *See infra* § II; ECF

No. 21. Because Plaintiff's purported "new evidence" would not have "produced a different result" if presented earlier, it does not satisfy Rule 60(b)(2).

    C.    <u>Plaintiff Fails to Establish Extraordinary Circumstances as Required to Satisfy the Catch-all Provision, Rule 60(b)(6).</u>

Plaintiff also has not established "extraordinary circumstances" required for relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 202 (1950) ("Neither the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within . . . Rule 60(b)(6)."). "Relief under Rule 60(b)(6) is the exception, not the rule," and "[p]articularly strict standards apply to motions made pursuant to Rule 60(b)(6), under which a court may grant relief 'only in exceptional or extraordinary circumstances' where principles of equity 'mandate' relief." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016); *see also Allison v. Martin*, No. 08-15093-BC, 2012 WL 222924, at *1 (E.D. Mich. Jan. 25, 2012) ("[C]ourts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.") (citation omitted).

Plaintiff has failed to demonstrate extraordinary circumstances to justify relief, and certainly no extraordinary circumstances that caused the dismissal of his case in the first place. Plaintiff acknowledges that his case was dismissed "upon stipulation or agreement." ECF No. 28, PageID.92 ¶ 1; *see* ECF No. 27, PageID.90. That agreement was in writing, reasonable, and mutually beneficial, ending the case

8

without counterclaims or costs. There is no dispute that the stipulated dismissal was not caused by "fraud or mutual mistake." *Cf. Brown v. Cnty. of Genessee*, 872 F.2d 169, 174 (6th Cir. 1989) (vacating a district court order modifying a settlement agreement, where the only purported ground to vacate the agreement was unilateral mistake). Instead, Plaintiff appears to simply have changed his mind months after the dismissal, and asserts that an undocumented hospitalization somehow justifies this because his unspecified condition was "life-threatening." ECF No. 28, PageID.93 ¶ 6. This does not remotely satisfy his burden by clear and convincing evidence to seek relief under Fed. R. Civ. P. 60(b). *See Coddington v. Makel*, No. 1:95-cv-00021, 2018 WL 11241291, at *3 (W.D. Mich. May 16, 2018).

## II. Plaintiff's Complaint Still Would Fail Under Rule 8 and Rule 12(b)(6).

Re-opening Plaintiff's case would be futile, as the Complaint would still be subject to dismissal under both Rules 8 and 12(b)(6). As Google explained in its Motion to Dismiss, Plaintiff's conclusory allegations state no plausible claim. ECF No. 21, PageID.66-76. Beyond that, they are too vague and sparse to even provide Google or the Court with notice as to his theory of liability. *Id.* PageID.66; *see Barkho v. Homecomings Fin., LLC*, 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009) (dismissing "vague and conclusory allegations without any factual predicate").

Plaintiff's enumerated causes of action each fail to state a claim upon which relief can be granted. Plaintiff's negligence claim fails because, *inter alia*, he failed

9

to allege that Google owed him a legal duty. ECF No. 21, PageID.67-71. His gross negligence claim fails for the additional reason that it is not an independent cause of action in Michigan. *Id.* at PageID.71-72. His misrepresentation claim fails to identify any alleged statement by Google, much less justified reliance or resulting harm. Plaintiff barely even mentions the elements of such a claim, much less satisfies the heightened pleading standard for claims that sound in fraud under Rule 9(b). *Id.* at PageID.72-73. And Plaintiff lacks standing to bring a Lanham Act claim, and in any case would fail to state a claim for false advertising under that statute. *Id.* at PageID.74-76.

Plaintiff's motion does not introduce anything that could redress these defects. Reviving Plaintiff's claims would thus be futile, and the Court should not allow that.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to re-open the case under Federal Rule of Civil Procedure 60(b) should be denied.

| | |
|---|---|
| Dated: August 15, 2025 | Respectfully submitted, |
| | WILSON SONSINI GOORICH & ROSATI<br>Professional Corporation |
| | s/ *Brian M. Willen*<br>Brian M. Willen (P75110)<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Telephone: (212) 999-5800<br>Facsimile: (866) 974-7329<br>Email: bwillen@wsgr.com |
| | *Counsel for Defendant Google LLC* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2025, I caused the following electronically-filed document to be served on Plaintiff Mohammad Bagheri, *pro se*, via FedEx at the below address, and via email.

Mohammad Bagheri
1265 Washington Blvd
Detroit, MI 48226

Dated: August 15, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　WILSON SONSINI GOORICH & ROSATI
　　　　　　　　　　　　　　　　　　Professional Corporation

　　　　　　　　　　　　　　　　　　s/ *Brian M. Willen*
　　　　　　　　　　　　　　　　　　Brian M. Willen (P75110)
　　　　　　　　　　　　　　　　　　1301 Avenue of the Americas, 40th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　Telephone: (212) 999-5800
　　　　　　　　　　　　　　　　　　Facsimile: (866) 974-7329
　　　　　　　　　　　　　　　　　　Email: bwillen@wsgr.com

　　　　　　　　　　　　　　　　　　*Counsel for Defendant Google LLC*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHEIKH MOHAMMAD BAGHERI, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 2:24-cv-11692-LJM-EAS <br><br><br> Honorable Laurie J. Michelson <br><br> Magistrate Judge Elizabeth A. Stafford |

## BRIEF FORMAT CERTIFICATION FORM

I, Brian M. Willen, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

- N/A  the brief contains a statement regarding concurrence, *see* LR 7.1(a);

- ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

- ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

- ☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

- ☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

- N/A  deposition transcripts have been produced in their entirety and not in miniscript, *see* Case Management Requirements § III.A;

- N/A  if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

s/ *Brian M. Willen*
Brian M. Willen

Dated: August 15, 2025